IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TYRONE BOONE, #350-618 | : |
|     Plaintiff | : |
| v. | : CIVIL ACTION NO. RDB-14-1358 |
| TRACY PALMER TAYLOR | : |
|     Defendant | : |

### MEMORANDUM OPINION

This 42 U.S.C. § 1983 civil rights action seeks declaratory relief and money damages[1] against Correctional Officer Tracy Taylor ("Taylor"). Plaintiff Tyrone Boone ("Boone"), a Maryland Division of Correction ("DOC") prisoner, claims that while he was working in the kitchen at Jessup Correctional Institution ("JCI"), Taylor slandered him by calling him "gay" and placed him on "lock down" without cause. Boone claims after the incident he was "fired" from his prison job, was threatened by staff and inmates, and transferred to another prison to prevent him from using the Administrative Remedy Procedure ("ARP") process to seek "redress." ECF 1, pp. 3-4. Taylor through counsel has filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment (ECF 8) which remains unopposed.[2] A hearing is not needed to resolve the Motion. *See* Local Rule 105.6. (D. Md. 2014). For the reasons that follow, that motion, construed as a Motion for Summary Judgment, is GRANTED.

---

[1] Boone also requests unspecified injunctive relief. ECF 1, p. 4.

[2] The record shows that Boone was served with notice of defendant's Motion pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF 9). He has chosen not to respond.

**Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of Plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.ed 231, 243 (4th Cir. 1999). The Supreme Court has articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted).

This standard does not require Taylor to establish "beyond doubt" that Boone can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 563. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id..* The Court need not, however, accept unsupported legal

allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

Defendant Taylor has styled her Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Given the exhibits included with the Motion, it is apparent that Taylor intends to seek summary judgment. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998).[3] In any event, in accordance

---

[3] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin,* 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.,* 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its

with *Roseboro,* 528 F.2d at 310, Boone was informed of his right to file a response to the Motion, and the opportunity to submit affidavits, declarations, and other documentary evidence. As noted, he filed no opposition response.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties" procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. de Nemours and Co. v. Kolon Industries, Inc.,* 637 F.3d 435, 448 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996)). Generally, to raise adequately the issue that discovery is needed, the party opposing the motion must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for

---

consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.,* Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

4

specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). Boone has not filed an affidavit under Rule 56(d). Accordingly, it is appropriate to address Defendant Taylor's Motions as a Motion for Summary Judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith, Radio Corp.*, 475 U.S. 574, 586 (1986). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: by its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Fourth Circuit has explained that the party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings, but rather must" set forth specific facts showing that there is a genuine issue for trial. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original)

(quoting former Fed. R. Civ. P. 56(e)). However, the Court must "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Because Boone is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must, however, also abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Bouchat*, 346 F.3d at 526; *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993); *Celotex Corp.*, 477 U.S. at 323-24). The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Background

Boone offers little detail with regard to his unverified claims, other than to allege that Taylor's threats caused other staff and prisoners to threaten him and led to the loss of his prison job, placement on lockdown status, and transfer. Taylor, who has submitted an affidavit and exhibits in response to Boone's allegations, provides a substantially different version of events.

In her Declaration, Taylor avers that at no point in her interaction with Boone did she ever slander or threaten him because of his sexual orientation. ECF 8-2, ¶ 8. At approximately 1:30 p.m. on the afternoon of November 27, 2013, while conducting a routine security round in the kitchen, Boone approached Taylor to discuss a notice of infraction she had levied against his cell-mate. *Id.* at ¶ 4. Boone stated to Taylor, "Do you have a problem with my cell-buddy, because that is fucked-up what you did to him." *Id.* at ¶ 5. When Taylor ordered Boone to step

back, he refused the order and stated that he would whip Taylor's "ass" because the "police got it fucked up." *Id.* at ¶ 6.

Taylor charged Boone with violating Rule 104 (use of intimidating, coercive, or threatening language) and Rule 400 (disobeying an order). ECF 8-3, Notice of Inmate Rule Violation. The parties do not indicate the outcome of any adjustment proceeding held as a result of the incident. It appears, however, that Boone did not return to his prison job in the JCI kitchen, and was subsequently transferred to another facility. Boone has not filed a grievance with the Inmate Grievance Office ("IGO") with regard to any of the allegations raised in his civil rights Complaint. ECF 8-4, ¶ 3, Declaration of Scott S. Oakley, IGO Executive Director.

## Analysis

Taylor has raised an affirmative defense, claiming that the Complaint allegations must be dismissed in their entirety due to Boone's failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") contains a statutory provision that reads, in pertinent part:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. Boone is subject to the strict requirements of the exhaustion provisions, and it is of no consequence that he is aggrieved by single occurrences, as opposed to a general conditions of confinement claim. *See Porter v. Nussle,* 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure, *see*

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and a claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See id.* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies □in accordance with the applicable procedural rules,□ so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008). Thus, unexhausted claims must be dismissed, unless Boone can show that he, personally, has satisfied the administrative exhaustion requirement under the PLRA or that Taylor has forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)

8

(prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Maryland provides a three-step grievance process: request for administrative remedy to the Warden of the institution (commonly referred to as an ARP); an appeal of administrative dismissal to the Commissioner of Corrections; and submission of the grievance to the Inmate Grievance Office (IGO).[4] *See Chase,* 286 F. Supp. 2d at 529.

Boone claims that he filed an ARP and thereafter appealed its dismissal. ECF 1, p. 2. He appears to concede that after his transfer from JCI, he did not comply with the next step in the administrative process by filing a grievance with the IGO. *Id.* Boone's claim his transfer prevented his resort to the IGO, a centrally located agency, is a bald allegation with no factual support. Boone has failed to demonstrate administrative exhaustion, and his Complaint may be dismissed on this basis alone.

Even if he had exhausted his claims, Boone would not prevail. A general claim of threats, without any allegation of injury, fails to state a claim for relief. *See Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979), cited in *Moody v. Grove,* 885 F.2d 865 (4th Cir.1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Boone does not allege that he was actually injured by staff or his fellow prisoners as a result of Taylor's alleged statement that he was gay. In sum, Boone provides no factual or legal grounds to support this claim.

His claim that he lost his prison job fares no better. Prisoners do not have a constitutionally protected right to work while detained or incarcerated, or to remain in a

---

4 An appeal to the IGO must be filed within thirty days following an unfavorable decision from the Commissioner. *See* Md. Code Ann., Corr. Serv. Art. §10-206 and COMAR, Title 12 § 07.01.03.

particular job once assigned. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978).

Boone's Complaint does not detail any basis for a due process analysis with regard to Boone's notice of infraction or the basis for his transfer from JCI. Accordingly, these allegations will not be examined here.

Defendant's Motion shall be granted. A separate Order follows.

November 7, 2014
(Date)

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE